*Samuel Barlow* vs. *Joseph S. Butler.*

That a charge of a note of plaintiff on book, is proper when it appears to have been done at the time of a credit which makes such charge necessary.

THIS was an action of book account, and came before the court on the report of auditors made to the County Court at their September term, 1827, and exceptions to that report. It appeared by the report of the auditors that the plaintiff's account contained a charge for a note of $37,50, dated December 4, 1819, which had been executed by him to the defendant and charged at the time it was given; and that at the time this note was charged a credit was given to the defendant of a note given up of $105,28.

It further appeared that after the report had been drawn up and signed by the auditors, one of them certified in writing, in addition to said report, " That the charge of the plaintiff's note un-" der date of December 4, 1819, was made on the plaintiff's ori-" ginal book of entries, as follows :

" December 4, 1819.      *Joseph S. Butler,* Cr. By my note " given up which I gave *B. Thatcher,* including interest, $105,28,

" Dr. To my due-bill, on demand,                    37,50—

" and that the appearance of the book, with the statement of the " plaintiff, under oath, was the evidence showing that the entry was " made at the same time by the plaintiff, and that it was all one " transaction." It appeared that on the trial before the auditors, the defendant objected to the charge of the due-bill or note of $37,50, before mentioned, on the ground of its not being a proper subject of book-charge, and that the auditors overruled the objection and allowed the charge. The defendant filed objections in the County Court to the acceptance of the report of the auditors, for the reason before mentioned; but the objections did not prevail, and the report was accepted. The cause was brought to this court for a revision of the judgment rendered by the County Court.

*Smalley* and *Adams,* for the defendant, contended as follows : In this case, two questions present themselves for examination. 1. Is the statement of one of the auditors, appended to the report to be received as a part of the case? 2. Can a note, or due-bill,

given by the plaintiff to the defendant, be char- ⎰ Franklin, Jan. 1828.
ged by the plaintiff on book? It appears by the ⎱ *Barlow* vs. *Butler.*
auditors' report and bill of exceptions, that the County Court receiv-
ed the statement of one of the auditors, made two or three months af-
ter the report was filed for acceptance, and objections had been fil-
ed to the same, to add to and vary the report drawn up and signed
by both of the auditors at the time of hearing the case.    The audi-
tors at the time of auditing these accounts drew up, in the nature
of a special verdict, a statement of the facts in the case on which
the court were to render judgment.    Will the court sanction a
practice which will authorize one of several auditors, after a state-
ment of the facts in the case has been made out and signed by
all the auditors, to make alterations to such statement, and re-
ceive the same as a part of the case submitted by the auditors?
A practice of this sort would leave most of our *book actions* at the
mercy of every designing knave who should happen to have any
influence or control over any one of the auditors, and instead of
having the case presented as drawn up by the auditors in presence
of counsel, we should have such a statement of facts as any one
auditor, with the assistance of favorite counsel, should choose to
present.

3. The maker of a note or due-bill, cannot charge the payee
with the amount of money specified in the note or book.    If he
can, it is a convenient mode of paying debts.

*Smith,* for the plaintiff contended as follows : It appears from
the auditors' report the above charge on the plaintiff's book was
made at the same time when the plaintiff credited the defendant
on his book the amount of a note given by him to one *Benjamin
Thatcher* for $105,28, which was given up by the defendant to
the plaintiff, and that this charge of $37,50 was made to limit and
qualify the credit given at the same time to defendant, and that
the auditors considered it the same as if the plaintiff had de-
ducted the $37,50 from the $105,28, and credited the defend-
ant the balance of the large note.    So the defendant cannot claim
the advantage of the credit without being answerable for the debt.
2 *Aiken's R.* 175, *Harrington* vs. *Hall.*    The above charge and
credit appeared to have been made in the plaintiff's own hand
writing on the book, and that the plaintiff's oath and book were

Franklin, Jan. 1828. ) all the testimony there was before the audi_
Barlow vs. Butler. ) tors on the subject : the defendant had no
charge or receipt for the amount of credit.

HUTCHINSON, J. delivered the opinion of the court. The facts
in this case are sufficiently contained in the joint report of the au-
ditors. The after statement made by one of them is more partic-
ular, but does not vary the legal import.

The only question, therefore, to be decided is, whether the au-
ditors did right in allowing a charge of $37,50 made by the plaintiff
for his own note of that amount given to the defendant. Ordin-
arily such a charge would not be proper ; but, as the auditors
state this to have been done, it was proper. It appears that the
defendant held a note given by the plaintiff to one *Thatcher* of
$105,28 ; and he gave this note up to the plaintiff to be cancel-
led, and a part of it, to wit, $67,78, was to be placed as a credit
to the defendant on the plaintiff's book : and the plaintiff was to
give a new note directly to the defendant for the balance, being
$37,50. This was all done accordingly. But, instead of placing
it exactly in that shape, the plaintiff at one and the same time
gave the defendant credit for the whole $105,28 and charged
him with the amount of the new note $37,50. This made the
book balance just as it would have done had the $67,78 only have
been credited, and no charge made of the note given. This makes
the book show the actual state of the transaction ; and justice re-
quires that this item of charge should be allowed as was done by
the auditors. The judgment of the County Court accepting the
report of the auditors, is affirmed with cost.

*Smith*, for plaintiff.
*Smalley* and *Adams*, for defendant.